NOT YET SCHEDULED FOR ORAL ARGUMENT

# United States Court of Appeals
# for the District of Columbia Circuit

## No. 24-3192

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DOUGLAS EDELMAN,

*Defendant-Appellant.*

*On Appeal from the Order of the United States District Court
for the District of Columbia in No. 1:24-cr-00239-CKK-1,
Honorable Colleen Kollar-Kotelly, U.S. Senior District Judge.*

## APPELLANT'S REPLY
## MEMORANDUM OF LAW AND FACT

GEORGE M. CLARKE III
BAKER & MCKENZIE LLP
815 Connecticut Avenue NW
Washington, DC 20006
(202) 835-6184
george.clarke@bakermckenzie.com

SONYA C. BISHOP
BAKER & MCKENZIE LLP
452 Fifth Avenue
New York, New York 10018
(212) 626-4591
sonya.bishop@bakermckenzie.com

*Counsel for Defendant-Appellant*

February 10, 2025



# <u>TABLE OF CONTENTS</u>

ANALYSIS ..............................................................................................1

I.     Section 3148(b)(2)(B) detention warrants independent review. ....................1

II.    Edelman may not be detained under § 3148(b)(2)(B) without clear and convincing evidence. ....................................................................4

III.   Section 3148(b)(2)(B) cannot be applied to usurp a presumptively innocent person's Constitutional rights. ..........................................................6

       A.    This Court must interpret § 3148(b)(2)(B) to be Constitutional. ..........6

       B.    Section 3148(b)(2)(B) detention is drastic and reserved for danger of significant interference of judicial proceedings. ...................................7

       C.    Without a second chance, the district court detained Edelman arbitrarily. ..........................................................9

CONCLUSION .......................................................................10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bitter v. United States*,
  389 U.S. 15 (1967).........................................................................................7

*Johnson v. United States*,
  576 U.S. 591 (2015)................................................................................ 6, 10

*Kleinbart v. United States*,
  604 A.2d 861 (D.C. 1992) ...........................................................................5

*Sessions v. Dimaya*,
  584 U.S. 148 (2018) .....................................................................................6

*Stack v. Boyle*,
  342 U.S. 1 (1951).......................................................................................10

*U.S. Civ. Serv. Comm'n v. Natl. Ass'n of Ltr. Carriers*,
  413 U.S. 548 (1973)......................................................................................7

*United States v. Alston*,
  420 F.2d 176 (D.C. Cir. 1969).....................................................................10

*United States v. Chilcoat*,
  No. CR 22-299 (CKK), 2024 WL 148967 (D.D.C. Jan. 12, 2024)......................9

*United States v. DeGrave*,
  539 F. Supp. 3d 184 (D.D.C. 2021)...............................................................4

*United States v. Edelman*,
  No. 24-CR-239-1 (CKK) (Dec. 11, 2024).................................................8, 9, 10

*United States v. Hale-Cusanelli*,
  3 F.4th 449 (D.C. Cir. 2021)......................................................................2, 3

*United States v. Hurtado*,
  779 F.2d 1467 (11th Cir. 1985) ..................................................................1, 3

*United States v. Jones*,
  939 F. Supp. 2d 6 (D.D.C. 2013)...................................................................4

*United States v. Little*,
  123 F.4th 1360 (D.C. Cir. 2024)....................................................................4

*United States v. Manafort*,
  897 F.3d 340 (D.C. Cir. 2018)....................................................................2

*United States v. Mercer*,
  4 F. Supp. 3d 147 (D.D.C. 2013)...............................................................4

*United States v. Munchel*,
  991 F.3d 1273 (D.C. Cir. 2021)...................................... 2, 3, 5, 6, 7, 8, 9

*United States v. Portes*,
  786 F.2d 758 (7th Cir. 1985) ....................................................................3

*United States v. Rapone*,
  131 F.3d 188 (D.C. Cir. 1997)...................................................................4

*United States v. Salerno*,
  481 U.S. 739 (1987)...................................................... 5, 6, 7, 8, 10

*United States v. Stanley*,
  469 F.2d 576 (D.C. Cir. 1972)................................................................1, 2

*United States v. Thomas*,
  No. 23-CR-0069-1 (CKK) (D.D.C. Aug. 28, 2024)...........................................9

*United States v. Vasquez-Benitez*,
  919 F.3d 546 (D.C. Cir. 2019)................................................................3

*Yee v. City of Escondido*,
  503 U.S. 519 (1992).................................................................................4

**Statutes and Legislative History**

18 U.S.C. § 3142......................................................... 2, 3, 5, 6, 10

18 U.S.C. § 3148.................................... 1, 2, 3, 4, 5, 6, 7, 9, 10

S. Rep. 98-225........................................................................ 2, 5, 8

## ANALYSIS

For defendants who have merely violated a court order, the revocation of bail under § 3148(b)(1)(B) is Constitutional only where a court determines by clear and convincing evidence that detention is necessary to prevent significant interference with court proceedings. That determination may be made only after the court warns the defendant and gives him the opportunity to reform.

## I.      Section 3148(b)(2)(B) detention warrants independent review.

On an appeal arising from detention, this Court has "the duty to make an independent determination of all relevant factors." *United States v. Stanley*, 469 F.2d 576, 586 (D.C. Cir. 1972). This was true even *before* Congress amended the Bail Reform Act in 1984. *Id.* It must be true after. *See United States v. Hurtado*, 779 F.2d 1467, 1472 (11th Cir. 1985) ("The affirmative congressional decision to repeal the deferential standard of the [previous] Act is . . . instructive."). But the government asks this Court to buck a majority of its sister circuits who apply independent or *de novo* review for such decisions. *See* Appellant Memorandum of Law and Fact (Under Seal), No 24-3192 ("Edelman Memo.") at 4.[1] In doing so, the government also asks this Court to disregard Congress's directive and the presumption of

---

[1] The government asks this Court to adopt the minority approach of the Second and Fourth Circuits. *See* Appellee's Memorandum of Law and Fact ("Gov't Response") at 13-14. *But see Hurtado*, 779 F.2d at 1473 ("These courts reached their conclusions largely by extending precedents applicable to provisions of the prior Act which Congress chose not to include in the 1984 version.").

innocence to apply a lower standard for *pretrial* detention than post-conviction detention. *Cf. Stanley*, 469 F.2d at 586 (independently reviewing post-conviction detention order); S. Rep. 98-225 at 7 ("[P]retrial detention is in no way a derogation of the importance of the defendant's interest in remaining at liberty prior to trial.").

Conceding that this Court has not "explicitly addressed the appropriate standard of review" for § 3148(b)(2)(B) detention, the government proposes that *United States v. Hale-Cusanelli*, 3 F.4th 449, 454-55 (D.C. Cir. 2021), established a "general rule for review of detention orders." Gov't Response at 13. But *Hale-Cusanelli* only reviewed dangerousness-based detention. 3 F.4th at 454-55. The sole controlling precedent *Hale-Cusanelli* cited for the clear-error review is *United States v. Munchel*, 991 F.3d 1273, 1282 (D.C. Cir. 2021), which likewise applied the clear-error standard to *dangerousness* determinations.[2] And this Court has recognized that review of § 3148(b)(2)(B) detentions differs from dangerousness-based detention. *See United States v. Manafort*, 897 F.3d 340, 346 n.2 (D.C. Cir. 2018) (declining to apply dangerousness-based review standard for § 3148(b)(2)(B) detention). Indeed, § 3148(b)(2)(B) detention warrants more scrutiny than dangerousness-based detention because it is the *only* avenue to pretrial detention not guided by § 3142(g)

---

[2] *Munchel* adopted clear-error review on the condition that "the government must prove all relevant facts by clear and convincing evidence." *Munchel*, 991 F.3d at 1285 (internal quotation marks omitted). Thus, if the Court were to follow *Munchel*, it should also apply that same clear-and-convincing standard of proof.

factors. *See* § 3142(g) (providing statutory factors for § 3142(e) pretrial detention based on flight risk or dangerousness); *see also* § 3148(b)(2)(A) (incorporating § 3142(g)).[3]

Having no authority for its position, the government retreats to calling the district court's determination of Edelman's likelihood to comply a "factual finding" reviewable by clear error. Gov't Response at 14 n.3. But detention determinations "require the trial court to exercise judgment and discretion in applying legal standards to certain facts" and therefore are mixed questions of law and fact that demand independent review. *See Hurtado*, 779 F.2d at 1472; *see also United States v. Portes*, 786 F.2d 758, 763 (7th Cir. 1985) ("In assessing the facts against [the Bail Reform Act's] criteria, we are not restricted by the 'clearly erroneous' standard and must engage in an 'independent review' of the case.").

The government's invocation of plain-error review also fails. Edelman vigorously contested the application of § 3148(b)(2) throughout these proceedings. He argued not only that he would comply with the current conditions but that he would comply with additional release conditions. *See* Nov. 27 Hearing Tr. at 8:7-10, No. 24-CR-239-1-CKK (ECF 44); Dec. 11 Hearing Tr. at 18:22-19:6, No. 24-CR-

---

[3] This Court has never applied clear-error review to a detention decision wholly devoid of § 3142(g) analysis. All three cases the government cited for clear-error review concerned detention decisions based on § 3142(g) factors. *See* Gov't Response at 13 (citing *Hale-Cusanelli*, 3 F.4th at 454-55; *Munchel*, 991 F.3d at 1282; and *United States v. Vasquez-Benitez*, 919 F.3d 546, 551 (D.C. Cir. 2019)).

239-1-CKK (ECF 52); Edelman's Response at 1, 14, 18, 36, No. 24-CR-239-1-CKK (ECF 46). This put the district court on notice of the arguments he now raises, including that he should be given a second chance with or without new conditions and should have been warned before being detained. Raising more comprehensive legal authorities and more robust arguments on appeal on a claim already presented to the district court does not trigger plain-error review. *See Yee v. City of Escondido*, 503 U.S. 519, 534 (1992) (once a claim is properly presented, "parties are not limited to the precise arguments they made below"); *United States v. Rapone*, 131 F.3d 188, 196 (D.C. Cir. 1997) (when criminal case presented a legal issue, it is not "appropriate to ignore relevant legal authority simply because it was not considered in the court below"); *cf. United States v. Little*, 123 F.4th 1360, 1370 (D.C. Cir. 2024) (applying plain error where defendant attempted to assert a new issue on appeal after conceding that issue).

## II.    Edelman may not be detained under § 3148(b)(2)(B) without clear and convincing evidence.

Pretrial release is the "general norm." *See, e.g.*, *United States v. DeGrave*, 539 F. Supp. 3d 184, 198 (D.D.C. 2021). To deviate from that norm, the government must "demonstrat[e] the appropriateness of pretrial detention by clear and convincing evidence." *United States v. Jones*, 939 F. Supp. 2d 6, 9 (D.D.C. 2013); *United States v. Mercer*, 4 F. Supp. 3d 147, 149 (D.D.C. 2013) (same).

The Supreme Court has declared that the clear-and-convincing evidentiary

standard is a Constitutional mandate for pretrial detention. *See United States v. Salerno*, 481 U.S. 739, 750-51 (1987) (allowing pretrial detention under the "narrow circumstances" where "the Government musters convincing proof" that individuals presented "an identifiable and articulable threat"). As this Court observed, "[t]he crux of the constitutional justification for preventive detention under the Bail Reform Act is that . . . the Government proves by clear and convincing evidence" a "clearly identified" risk. *Munchel*, 991 F.3d at 1282. Now the government claims that *Salerno* does not extend from § 3142 initial detention to § 3148 revocation, because revocation is "meaningfully different" and "arises where a defendant has violated" a release condition. Gov't Response at 19-20. But the clear-and-convincing evidence standard is "a requirement of due process." *Kleinbart v. United States*, 604 A.2d 861, 869 (D.C. 1992). Since the government cannot seriously contend that § 3148 revocation is not subject to due process, *Salerno*'s requirement for clear and convincing evidence "necessarily carries over." *See id*.

Indeed, detention under § 3148(b)(2)(B) demands no less evidence than detention based on dangerousness. Congress did not exclude § 3148(b)(2)(B) detention when declaring that pretrial detention may not derogate "the importance of defendants' due process interest in remaining at liberty prior to trial." *See* S. Rep. 98-225 at 7. Congress spoke definitively: Section 3148(b)(2)(B) detention requires a showing that "it is clear" future violations "will continue." *Id.* at 35. Surely

5

defendants detained under § 3148(b)(2)(B) deserve at least as much due process protection as those deemed dangerous to society. And clear and convincing evidence is necessary to the Constitutionality of § 3148(b)(2)(B) detention because it lacks other procedural safeguards. *Cf. Salerno*, 481 U.S. at 750-52 (identifying "procedural safeguards" like § 3142(g) "statutorily enumerated factors," which did not apply to § 3148(b)(2)(B) detention); *see Munchel*, 991 F.3d at 1283 (detention based solely on likelihood of non-compliance could "extend beyond the limits set by Congress").

## III. Section 3148(b)(2)(B) cannot be applied to usurp a presumptively innocent person's Constitutional rights.

### A. This Court must interpret § 3148(b)(2)(B) to be Constitutional.

Sections 3142(e), 3148(b)(2)(A), and 3148(b)(2)(B) permit the detention of a presumptively innocent person. But unlike §§ 3142(e) and 3148(b)(2)(A), which both default to statutory factors Congress provided in § 3142(g) to "further the accuracy of" judicial predictions, § 3148(b)(2)(B) has no such guideposts. *Cf. Salerno*, 481 U.S. at 751-52 (holding that the court "with the responsibility of determining the appropriateness of detention [be] guided by statutorily enumerated factors"). Thus, § 3148(b)(2)(B) is the type of criminal statute that is particularly susceptible to risks of "arbitrary enforcement by judges." *Johnson v. United States*, 576 U.S. 591, 595-97 (2015); *see Sessions v. Dimaya*, 584 U.S. 148 (2018) (a statute with "an ill-defined risk threshold . . . necessarily devolved into guesswork and

6

intuition, invited arbitrary enforcement, and failed to provide fair notice" (internal quotation marks omitted)). To ensure the Constitutionality of § 3148(b)(2)(B), this Court must provide guidance on how to interpret and apply § 3148(b)(2)(B) within the Constitution's limits. *See U.S. Civ. Serv. Comm'n v. Natl. Ass'n of Ltr. Carriers*, 413 U.S. 548, 571 (1973) (courts should "construe [statutes] . . . so as to comport with constitutional limitations"). Otherwise, defendants' due process interest in liberty, the right to be presumed innocent, and right to a fair trial would be reduced to "aspirational," *i.e.*, ultimately meaningless, words.

### B. Section 3148(b)(2)(B) detention is drastic and reserved for danger of significant interference of judicial proceedings.

Detention before trial becomes an impermissible punishment once it appears excessive relative to the danger posed by the detainee. *See Salerno*, 481 U.S. at 747 (pretrial detention may not be "excessive in relation to the regulatory goal"); *see also Bitter v. United States*, 389 U.S. 15, 17 (1967) (detention due to an insignificant violation was "punishment rather than of an order designed solely to facilitate the trial"). Accordingly, to justify deprivation of liberty without trial, there must be clear and convincing evidence that the violations have resulted in significant consequences and articulable harm. *See Salerno*, 481 U.S. at 751 (due process requires "the Government prove[] by clear and convincing evidence that an arrestee presents an identified and articulable threat"); *see also Munchel*, 991 F.3d at 1282-83 ("[T]o order a defendant preventatively detained, a court must identify an

7

articulable threat . . . . The threat need not be of physical violence . . . . But it must be clearly identified.").

As applied to the facts here, the Constitution does not authorize incarcerating a non-violent 72-year-old for sending 29 text messages to two friends. The Constitution only permits regulatory detention necessary to prevent a clearly "identified and articulable threat." *Salerno* 481 U.S. at 751; *Munchel* 991 F.3d at 1282-83 (risk "must be clearly identified"); S. Rep. 98-225 at 8 (pretrial detention permitted if "necessary to serve the societal interests it is designed to protect"). Edelman's actions were neither proven nor found to cause articulable harm to the integrity of the proceedings against him, let alone harm so significant to permit detention before trial. The district court's revocation order, minute order, and revocation hearing transcript fail to identify any actual or potential harm of Edelman's messages. The closest the revocation order gets is its statement that Edelman "curried favor with" Dooner when he agreed to try and help Dooner obtain his own property. *See United States v. Edelman*, No. 24-CR-239-1-CKK (Dec. 11, 2024) (slip op. at 14) ("Revocation Order"). But even that alleged "curr[ying] favor" is not supported by clear and convincing evidence. The government produced no evidence that Edelman's "pleasantries" made Dooner more inclined to testify in Edelman's favor. Dooner's previous and ongoing cooperation with the government—including the production of these very texts with Edelman—prove the

opposite.

**C.    Without a second chance, the district court detained Edelman arbitrarily.**

Edelman's detention highlights the need to prevent judicial arbitrariness in future application of § 3148(b)(2)(B). Judge Kollar-Kotelly jettisoned her months-earlier approach that required clear and convincing evidence for § 3148(b)(2)(B) cases and accepted the government's proffer of facts on the merits of this case (not Edelman's violations) that have not been proven beyond a reasonable doubt. *Id.* at 17 (finding Edelman "untrustworthy" based on the government's proffer); *compare id.* at 20 (determining likelihood of compliance by a preponderance of the evidence), *with* Mem. Op. at 11, *United States v. Thomas*, No. 23-CR-0069-1-CKK (D.D.C. Aug. 28, 2024) (ECF 50) (determining same by clear and convincing evidence). The court also refused to give Edelman a chance to reform, despite "extending a second chance" to another detainee months earlier. *United States v. Chilcoat*, No. CR 22-299 (CKK), 2024 WL 148967, at *6 (D.D.C. Jan. 12, 2024).

The district court seemed to be most troubled that it could not "*ensure* [Edelman's] future compliance." Revocation Order at 18-19 (emphasis added). But the law "does not demand absolute certainty that a defendant will comply with release conditions because a stricter regime would be only a disguised way of compelling commitment in advance of judgment." *See Munchel*, 991 F.3d at 1283 (internal quotation marks omitted). To the extent § 3148(b)(2)(A) requires assurance

9

that defendants' release poses no flight risk or danger, it also mandates courts to answer the inquiry "based on the factors set forth in section 3142(g)," which are "specifically designed to further the accuracy of" judicial predictions. *See Salerno*, 481 U.S. at 751; *United States v. Alston*, 420 F.2d 176, 179 (D.C. Cir. 1969) (detention determinations should not "concentrate[] on" factors favoring one conclusion and "deal[] only briefly with [countervailing] items"). Absent that protection, requiring an absolute certainty of compliance is not only arbitrary but devolves into a game of "judicially imagined" situations. *See Johnson*, 576 U.S. at 597; *see, e.g.*, Revocation Order at 19 (imagining hypothetical possible violations).

## CONCLUSION

The Constitution demands predictable enforcement of criminal laws. Edelman does not ask for immunity—he only asks for the second chance consistently given to presumptively innocent persons in district courts in this Circuit and others. *See* Edelman Memo. at 16 (collecting cases). Section 3148(b)(2)(B) cannot be used to incarcerate him without such due process. If it could be, "the presumption of innocence, secured only after centuries of struggle, would lose its meaning." *Stack v. Boyle*, 342 U.S. 1, 4 (1951).

Respectfully submitted,


/S/ George M. Clarke III _____          /S/ Sonya C. Bishop _____
GEORGE M. CLARKE III                      SONYA C. BISHOP
Bar No. 480073                            Bar No. 65740
George.clarke@bakermckenzie.com           Sonya.bishop@bakermckenzie.com
BAKER & McKENZIE LLP                      BAKER & McKENZIE LLP
815 Connecticut Ave., N.W.                452 Fifth Ave.
Washington, D.C. 20006                    New York, N.Y. 10018
(202) 835-6184                            (332) 215-5812

*Counsel for Defendant-Appellant.*

Dated: February 10, 2025

## CERTIFICATE OF COMPLIANCE

The foregoing Appellant's Reply Memorandum of Law and Fact complies with the typeface requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and the type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(6) because it has been prepared in a proportionally spaced typeface in 14-point Times New Roman.

This memorandum also complies with D.C. Circuit Rule 9(a)(4) and Federal Rules of Appellate Procedure 27(d)(2) because it contains 2,388 words, excluding the parts exempt by Federal Rules of Appellate Procedure 32(f) and D.C. Circuit Rule 32(e)(1).

/S/ Sonya C. Bishop
SONYA C. BISHOP
Bar No. 65740
Sonya.bishop@bakermckenzie.com
BAKER & McKENZIE LLP
452 Fifth Ave.
New York, N.Y. 10018
(332) 215-5812

*Counsel for Defendant-Appellant*

Dated: February 10, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2025, I caused the foregoing Appellant's Reply Memorandum of Law and Fact to be e-filed with the Clerk of the Court by using the appellate CM/ECF system and caused eight hardcopies of the memorandum to be delivered to the Court via FedEx Overnight Mail.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

/S/ Sonya C. Bishop
SONYA C. BISHOP
Bar No. 65740
Sonya.bishop@bakermckenzie.com
BAKER & McKENZIE LLP
452 Fifth Ave.
New York, N.Y. 10018
(332) 215-5812

*Counsel for Defendant-Appellant*

Dated: February 10, 2025